IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN AUSTIN, #K71358, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-01335-SMY |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Hundley's Motion to Vacate Entry of Default (Doc. 37), Defendant Shah's Motion to Vacate Entry of Default (Doc. 39), and Plaintiff's Motion for Default Judgment as to Defendants Hundley and Shah (Doc. 27).

Upon the screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A (Doc. 11), Shah and Hundley were sent requests for Waiver of Service of Summons. (Docs. 12, 15). Shah returned an executed waiver and his responsive pleading was due by December 14, 2020. (Doc. 16). Hundley also returned an executed waiver and his responsive pleading was due by December 28, 2020. (Doc. 18). These defendants failed to move, answer, or otherwise plead in response to the Complaint by their respective responsive pleading deadlines.

Plaintiff filed a motion for a Clerk's Entry of Default as to Shah and Hundley in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 24). The Clerk's Entry of Default was docketed on January 8, 2021. (Doc. 25). Plaintiff then filed a Motion for Default Judgment on January 13, 2021. (Doc. 27).

Shah filed a motion seeking leave to file a motion to vacate the Clerk's Entry of Default on January 14, 2021; that motion was granted on January 22, 2021 and he was given 21 days to

file the motion. (Docs. 32, 36). Shah subsequently filed a motion seeking to vacate the Clerk's Entry of Default on February 10, 2021. (Doc. 39). Hundley filed a motion seeking to vacate the Clerk's Entry of Default on January 26, 2021. (Doc. 37).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir.2009) (citations omitted); Fed. R. Civ. P. 55(c). Hundley, who no longer works for the Illinois Department of Corrections ("IDOC"), asserts that he was unaware that he had to contact the Office of Attorney General to request representation. The Court doesn't consider Hundley's failure to secure representation when he knew he had been personally sued as inadvertent or a mistake – it was irresponsible at best. That said, once he received notice of the default, he acted quickly to correct it and has sufficiently established that he has a meritorious defense to Plaintiff's claims.

Dr. Shah, an employee of Wexford Health Sources, Inc., asserts that he followed Wexford's procedures regarding the waiver of service, but another Wexford employee failed to send the waiver to the Wexford litigation department for assignment of counsel. In other words, Wexford dropped the ball.[1] Wexford procedures notwithstanding, under the law and Federal Rules of Civil Procedure, the responsibility to secure representation if he desired it, and for responding to the lawsuit against him was Dr. Shah's. The Court also recognizes that once Dr. Shah received notice of the default, he acted quickly to correct it. Additionally, Dr. Shah has sufficiently established that he has a meritorious defense to Plaintiff's claim.

Accordingly, based on this Court's preference for adjudication on the merits, Defendants Hundley and Shah's motions (Docs. 37, 39) are **GRANTED** and the Clerk's Entry of Default is

---

[1] Wexford advises the Court that it has taken steps to avoid similar situations in the future. (See, Doc. 39).

**VACATED**.  Hundley and Shah shall file responsive pleadings within 7 days of the date of this Order.  Because the Clerk's Entry of Default has been vacated, Plaintiff's Motion for Default Judgment (Doc. 27) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  February 26, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
