IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN AUSTIN, K71358, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-01335-SMY |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Allan Austin filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This matter is before the Court on Defendant Shah's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Doc. 50). Plaintiff filed a response in opposition (Doc. 61). Given the undisputed facts set forth in the parties' written submissions, an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) is not necessary. For the following reasons, the motion is **GRANTED**.

## FACTS

Plaintiff makes the following allegations in his Complaint relevant to the issues in the motion (Doc. 1): On November 2, 2018, Plaintiff made a Prison Rape Elimination Act ("PREA") complaint against a correctional officer for an assault that occurred on October 21, 2018, during a body cavity search. He went to the healthcare unit for a rape kit examination on November 5, 2018. Prior to the examination, Dr. Shah asked Plaintiff investigative questions that made him feel uncomfortable, particularly with Internal Affairs Officer Piper and Lt. Phillips, a female, present. Plaintiff refused to answer any more questions and asked Dr. Shah if he was qualified to

do the examination. He told Dr. Shah that he should not be examined in front of a female correctional officer and requested an examination outside the facility in a confidential setting. Piper insisted that Plaintiff continue answering Dr. Shah's questions. Dr. Shah, Piper, and Lt. Phillips tried to force Plaintiff to sign a refusal. Dr. Shah denied Plaintiff medical treatment for bleeding from a tear in his anus that had been caused by the assault.

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims relevant to the motions:

> Count 5: Eighth Amendment deliberate indifference claim against Piper and Dr. Shah for denying Plaintiff medical care for injuries from the assault by Hundley.
>
> Count 8: First Amendment retaliation claim against Piper and Dr. Shah by using threats and other tactics to prevent Plaintiff from pursuing medical treatment and a rape kit examination in response to him filing a PREA complaint.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. Administrative exhaustion "means using all steps that the agency holds out and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed."

*Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

It is undisputed that the grievance at issue, #1-19-227, was processed in accordance with the grievance procedures outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). The issue is whether the grievance exhausts Plaintiff's administrative remedies as to the particular claims asserted against Dr. Shah in this lawsuit. Specifically, Dr. Shah argues the grievance does not describe any refusal of medical treatment or acts of retaliation as alleged in Counts 5 and 8. Plaintiff maintains that the grievance includes complaints about Dr. Shah that are the basis for the claims asserted in Counts 5 and 8.

A grievance must alert prison officials to the nature of the wrong for which redress is sought. *Ricardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). In other words, in order to exhaust an inmates administrative remedies, a grievance must serve its function of giving prison officials a fair opportunity to address the plaintiff's complaints on which the claims in the case are based. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Here, in the "nature of the grievance" section of the grievance form, Plaintiff marked "staff conduct" but did not mark "medical treatment." (Doc. 51-1, p. 5). He complained about the manner in which the PREA examination was conducted and the fact that he was not sent to an outside provider for the examination. (*Id.*). For the requested relief, he asks to have IA Officer Piper removed from the PREA investigation, to have Lt. Phillips and Dr. Shah suspended for their actions, and for an immediate transfer for "fear of retaliation." (*Id.*).

There is nothing in the grievance suggesting that Dr. Shah denied Plaintiff medical care for injuries he allegedly sustained during the assault that was the subject of the PREA complaint. Nor is there any indication that Dr. Shah used threats and/or other tactics to prevent Plaintiff from pursuing medical treatment and a rape kit examination as retaliation for Plaintiff filing the PREA

complaint. As such, the grievance does not provide prison officials notice of an alleged denial of medical care or that any acts were done in retaliation for the filing of the PREA complaint.

For the foregoing reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to the claims asserted in Counts 5 and 8 against Defendant Vipin Shah. Defendant Shah's Motion for Summary Judgment on Plaintiff's Failure to Exhaust Administrative Remedies (Doc. 50) is **GRANTED**; Defendant Shah is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: March 31, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**