IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN AUSTIN, K71358, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-01335-SMY |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Allan Austin filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. The Court granted Dr. Shah's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies and dismissed him from this lawsuit on March 31, 2022 (Doc. 74). This matter is now before the Court on Plaintiff's Motion to Reinstate Defendant Shah (Doc. 77).

Plaintiff contends he has now exhausted his claim against Dr. Shah – he filed a grievance on his claim against Dr. Shah after Dr. Shah was dismissed from the case. As such, he seeks reinstatement of that claim. "By its plain terms, the [Prison Litigation Reform Act] requires prisoners to exhaust administrative remedies before filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (internal quotation marks and citation omitted). This is a mandatory rule that a court does not have discretion to waive. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Plaintiff's grievance, submitted after this lawsuit was filed, cannot save his claim in this lawsuit against Dr. Shah. Accordingly, Plaintiff's Motion to Reinstate Defendant Shah

(Doc. 77) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: June 1, 2022**

                                        *s/ Staci M. Yandle*
                                        **STACI M. YANDLE**
                                        **United States District Judge**